UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MONSANTO CO., et al., ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:05CV02147 ERW |
| ) | |
| GENESIS AG, LTD, et al., ) | |
| ) | |
| Defendant(s). ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant's Motion for Leave to File a Third Amended Answer [doc. #43].

**I. BACKGROUND**

Plaintiffs Monsanto Co., Corn States Hybryd Service, LLC, and Holden's Foundation Seeds, LLC ("Plaintiffs"), filed suit against Defendants Genesis AG, LTD, William David Byrum, and William David Bryum, JR. ("Defendants") for breach of contract and suit on guarantee, in connection with various seed license and service agreements entered into between Monsanto and Genesis. On May 31, 2006 Defendants filed a Motion to File a Second Amended Answer, adding the affirmative defense of setoff; this Court granted Defendants' Motion. Defendants now seek to amend their answer a third time, this time adding the affirmative defense of failure to mitigate.[1] The Court held a hearing on Defendants' motion on December 13, 2006, and gave Defendants until December 18, 2006 to file a surreply in this matter.

---

[1] Defendants filed a first amended answer in response to Plaintiffs' first amended complaint.

1

In a related action, currently pending before the state court of Michigan, Defendant is being sued by The Dart Bank to recover on a promissory note and two personal guarantees ("Dart Litigation") signed by Defendants. The promissory note was secured by a security agreement covering inventory. Part of Defendants' inventory was corn that was produced by the Defendants subject to their license agreement with Plaintiffs, known as the corn collateral. The corn collateral which is the subject of the Dart Litigation, is also the subject of Defendants request to add the affirmative defense of failure to mitigate. Upon The Dart Bank's seizure of Defendants' inventory, including the corn collateral, The Dart Bank entered into a license agreement with Monsanto to sell the corn collateral in order to recover on their promissory note with Defendants. Monsanto, holds a junior security interest in the corn collateral. Defendants now seek to add the affirmative defense of failure to mitigate, because of Monsanto and The Dart Bank's request of the Michigan court to destroy the Corn collateral. That motion is set for hearing before the Michigan state court on January 24, 2007.

## II. LEGAL STANDARD

Under the Federal Rules of Civil Procedure, after a responsive pleading has been filed, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "Absent a good reason for denial-such as undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of amendment-leave to amend should be granted." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Doe v. Cassel*, 403 F.3d 986, 990-991 (8th Cir. 2005); *Thompson-El v. Jones*, 876 F.2d 66, 67 (8th Cir. 1989). The Eighth Circuit has further held that "amendment of the pleadings is to be liberally allowed," *Thompson-El*, 876 F.2d at 67, and "should be denied on the

merits only if it asserts clearly frivolous claims or defenses." *Becker v. University of Nebraska at Omaha*, 191 F.3d 904, 908 (8th Cir. 1999). However, the right to amend is not absolute. *Thomas-El*, 876 F.2d at 67 ("The policy favoring liberal allowance of amendment does not mean that the right to amend is absolute.").

## III. DISCUSSION

Defendants argue that because leave to amend is to be freely granted where justice so requires, this Court should grant Defendants motion. Specifically, Defendants argue that if The Dart Bank is granted leave by the Michigan Court to abandon the corn collateral, Plaintiffs will be obligated to take possession of the corn collateral and to mitigate their damages through the sale of the corn collateral. *Def. Memo. in Support of their Mot. for Leave to File Third Amended Answer*, 4. Defendants further argue that they did not add the affirmative defense of failure to mitigate when they filed their second amended answer, because at that time Defendants had every reason to believe that the corn collateral would be sold. *Id.* Plaintiffs respond that although they would not be prejudice by the addition of the affirmative defense, such defense is futile, and therefore Defendants' motion should be denied. *Pl. Opp. to Def. Mot. for Leave to File Third Amended Answer*, 1. This Court will address whether allowing Defendants to file an amended answer alleging the affirmative defense of failure to mitigate would be futile.

In order for a motion to amend to be denied where no prejudice or bad motive is shown, the non-moving party must show that allowing the amendment would be futile. *Doe*, 403 F.3d at 991. However, the Eighth Circuit has been clear that a district court should be reluctant to deny a motion to amend based on the merits of the asserted claim or defense. *Becker*, 191 F.3d at 908. A motion to amend should be denied on the merits "only if it asserts clearly frivolous claims or defenses." *Gamma-10 Plastics, Inc. v. American President Lines, LTD.*, 32 F.3d 1244, 1255 (8th

3

Cir. 1994) (quoting *Buder v. Merrill Lynch Pierce, Fenner & Smith, Inc.*, 644 F.2d 690, 695 (8th Cir. 1981). The court in *Gamma-10 Plastics, Inc.* goes on to say that "[l]ikelihood of success on the new claim is no basis for denying an amendment. . .." *Id.*

Plaintiffs rely heavily on the case of *In re: CLFC, Inc. v. Everex Systems, Inc.*, 89 F.3d 673 (9th Cir. 1996), to support their argument that the license of an exclusive right under a patent is governed by federal patent law, which gives the patent holder the right to designate licensees, and therefore a patent holder cannot be required to grant a license. Plaintiffs equate the requirement that they mitigate their damages with requiring them to grant a license to sell corn using their patented technology. Defendants respond that such a comparison is unwarranted, and that requiring Plaintiffs to mitigate their damages is not equivalent to requiring them to grant a license. The answer to this question is the key to whether Defendants' requested affirmative defense is futile, and therefore whether their motion should be denied.

In the case of *In re: CFLC, Inc.*, the Ninth Circuit held that "because federal law governs the assignability of nonexclusive patent licenses," the patent at issue in that case was not assignable by the bankruptcy trustee in a Chapter 11 bankruptcy proceeding. 89 F.3d at 680. Although the case clearly holds that nonexclusive patent licenses, such as are at issue in this case, are subject to federal law and therefore are not assignable, the case does not clearly hold that a contract involving the license of a patent is never subject to state contract law, such as the doctrine of failure to mitigate. *Id.* at 679. To the contrary, the court states "the general rule [is] that most questions with respect to the construction of patent licenses are governed by state law." *Id.* The Ninth Circuit more narrowly held that "allowing free assignability-or, more accurately, allowing states to allow free assignability-of nonexclusive patent licenses would undermine the reward that encourages invention because a party seeking to use the patented invention could

4

either seek a license from the patent holder *or* seek an assignment of an existing patent license from a licensee." *Id.* (emphasis in original). The facts of the case at bar are clearly distinguishable, as the Defendant is not seeking to require Plaintiffs to grant a license, but rather that Plaintiffs have control over the corn collateral, and therefore have an obligation to mitigate their damages through the sale of the corn collateral.

Although Plaintiffs raise a credible argument, that because the case is governed by federal patent law, the Defendants cannot assert failure to mitigate as a defense, such a defense is not clearly futile. The case relied on by the Plaintiffs is not dispositive of the question, and the Court has not been persuaded that the defense asserted by the Defendants is clearly frivolous. Furthermore, the Defendant has given credible evidence as to why it waited until this time to file its motion to amend, after The Dart Bank filed its motion to destroy the collateral in the Michigan state court. Plaintiffs have not argued that it will be prejudiced by the amendment, nor that the Defendant is acting in bad faith with a dilatory motive.

## IV.  CONCLUSION

The Plaintiffs argument that allowing the Defendants leave to amend would be futile, is incorrect. The Eighth Circuit does not require the party seeking to amend to show that they are likely to succeed, only that there is some basis for the amendment. There is a clear bias towards hearing the merits of a party's claims or defenses, and therefore leave to amend is granted. This does not foreclose Plaintiffs from arguing in the future that the affirmative defense is inapplicable.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to File a Third Amended Answer to the Complaint [doc #43] adding an additional affirmative defense is **GRANTED**.

Dated this 5th Day of January, 2007.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE